**Pete ALSPACH; Joel Smitherman, Plaintiffs–Appellants**

v.

**John BALDWIN; Nicholas Ludwick; John Ault; Harbans Deol, M.D.; Edward O'Brien, M.D.; Heather Brueck; Darrell Moeller; Joni Wells; John Doe, Dentist, Defendants–Appellees.**

No. 14–3316.

United States Court of Appeals, Eighth Circuit.

Submitted: Nov. 20, 2015.

Filed: Nov. 24, 2015.

Pete Alspach, Fort Madison, IA, pro se.

Joel Smitherman, Fort Madison, IA, pro se.

Rockne Ole Cole, Cole & Vondra, Iowa City, IA, for Plaintiffs–Appellants.

Forrest Guddall, Attorney General's Office, John Barry McCormally, Assistant Attorney General, Iowa Department of Justice, Des Moines, IA, for Defendants–Appellees.

Before SMITH, BYE, and SHEPHERD, Circuit Judges.

PER CURIAM.

Iowa inmates Pete Alspach and Joel Smitherman brought a 42 U.S.C. § 1983 action seeking damages based on their claim that defendants exhibited deliberate indifference to the inmates' need for dentures by allowing them to remain a lengthy period of time on a waiting list before providing the dentures. The district court [1] granted summary judgment for defendants, finding that they were entitled to qualified immunity in the circumstances of this case.

Upon careful de novo review, *see Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (standard of review), we conclude summary judgment was properly granted, because we agree with the district court that the unrebutted evidence showed that neither inmate had an objectively serious medical need for dentures, *see Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 387–88 (8th Cir.2014) (qualified immunity analysis); *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir.2014) (objectively serious medical

---

1. The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

need is one diagnosed by physician as requiring treatment, or one so obvious that even layperson would easily recognize need for doctor's attention).

Accordingly, we affirm. *See* 8th Cir. R. 47B. The motion for appointed counsel is denied.